IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LISA BERNHARDT,**

    **Plaintiff,**

v.                         **USDC Civ. No. 17-1201 KG/KK**

**SOCIAL SECURITY ADMINISTRATION,**
**NANCY BERRYHILL, Acting Commissioner**
**of Social Security Administration,**

    **Defendant.**

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on (1) the Social Security Administrative Record (Doc. 10) filed May 9, 2018, in support of Plaintiff Lisa Bernhardt's ("Plaintiff") Motion to Reverse or Remand (Doc. 23) the decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Defendant" or "Commissioner") denying Plaintiff's claim for Title II disability insurance benefits; (2) the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 32), filed February 25, 2019; and (3) Plaintiff's Objections to Proposed Findings and Recommended Disposition ("Objections") (Doc. 33), filed March 11, 2019. The Court, having considered the record and the relevant law, finds that Plaintiff's Objections are not well taken and shall be overruled. The Court will adopt the Magistrate Judge's PFRD.

### I. Introduction[1]

---

[1] The Magistrate Judge's PFRD thoroughly discussed the standard of review, the applicable law and sequential evaluation process, and the factual background and procedural history of this case. (Doc. 30 at 1-7.) The Court will therefore refrain from repeating this information here.

1

On May 24, 2018, this Court issued an Order of Reference referring this case to United States Magistrate Judge Kirtan Khalsa for a recommended disposition. (Doc. 15.)  The Magistrate Judge filed a PFRD (Doc. 32) pursuant to the Order of Reference on February 25, 2019, recommending that the Court deny Plaintiff's Motion to Reverse or Remand (Doc. 23). Plaintiff timely filed Objections to the PFRD on March 11, 2019, and a response is not required. (Doc. 33.)   Plaintiff's Motion, the Magistrate Judge's PFRD, and Defendant's Objections are now before the Court.

## II. Analysis

When a party files timely written objections to a magistrate judge's recommendation on a dispositive matter, the district court must conduct a *de novo* review, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  *De novo* review requires the district judge to consider relevant evidence in the record and not merely to review the magistrate judge's recommendation.  *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995).  "[A] party's objections to the magistrate judge's [PFRD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  *One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d at 1060.

In the PFRD, Judge Khalsa recommended denying Plaintiff's Motion because Plaintiff did not demonstrate that the ALJ's failure to explicitly address Plaintiff's fibromyalgia diagnosis constituted reversible error.  (Doc. 32 at 8-13.)  Specifically, she concluded that (1) if the ALJ erred by failing to include fibromyalgia among the list of severe impairments at Step 2 of the sequential analysis, such error was harmless as a matter of law (Doc.  32 at 9-10); and (2) because the exertional limitations identified by Dr. Pat Chan (the only physician to have

addressed Plaintiff's fibromyalgia diagnosis in the context of its effect on her ability to perform work activities) were incorporated into Plaintiff's RFC, if the ALJ erred in not expressly identifying fibromyalgia in the RFC analysis, the alleged error was harmless. (Doc. 32 at 11-13.)

In her objection to the PFRD, Plaintiff argues that Dr. Chan's "opinion on fibromyalgia is never addressed by the ALJ nor are the limitations resulting from the same incorporated into the RFC." (Doc. 33 at 1.) This is not so. As reflected in the PFRD, the ALJ gave great weight to the opinion of Dr. Chan, and incorporated each limitation assessed by Dr. Chan into Plaintiff's RFC. (AR. 21, 92-93; Doc. 32 at 12-13.) Neither Plaintiff's Motion, nor her objections, include citations to medical evidence in the record indicating that Plaintiff's fibromyalgia causes limitations greater than those assessed by Dr. Chan and incorporated by the ALJ into the RFC. And the Court, having scoured the record, has found none. Plaintiff's objection in this regard is not persuasive.

Plaintiff also objects to the PFRD on the ground that Judge Khalsa "excus[ed] the lack of a fibromyalgia discussion," in the ALJ's decision by providing *post hoc* rationalizations for that decision even though the ALJ's decision does not include any discernable analysis of Dr. Chan's opinions. (Doc. 33 at 3.) Plaintiff's objection in this regard is founded on Judge Khalsa's observation that the record contained sparse evidence of fibromyalgia, it contained no evidence pertaining to the origin of that diagnosis, and it contained no opinions or medical records indicating that any of Plaintiff's treating physicians diagnosed functional limitations stemming from fibromyalgia. (Doc. 33 at 2-3.) While conceding the same, Plaintiff suggests that by recognizing the dearth of relevant evidence related to Plaintiff's fibromyalgia diagnosis or fibromyalgia-related limitations, Judge Khalsa essentially provided a *post hoc* rationalization for

3

the ALJ's failure to explicitly address fibromyalgia. (Doc. 33 at 3-4.) The Court is not persuaded by this objection.

In support of the proposition that a court may not adopt *post hoc* rationale to support an ALJ's decision, Plaintiff cites *Knipe v. Heckler*, 755 F.2d 141, 149 n.16 (10th Cir. 1985). In *Knipe* our Tenth Circuit Court of Appeals rejected the Social Security Administration's argument that an ALJ's decision should be affirmed based on rationales which, though not invoked by the ALJ, purportedly supported the denial of benefits—namely that the claimant's medical problems could be attributed to his smoking habit and to his failure to take medication. *Id.* Recognizing that neither the ALJ nor the Appeals Council cited these facts as reasons for denying the claim, the *Knipe* court rejected the argument on the ground that the "court is not permitted to consider reasons not advanced by" the relevant agency or to affirm a decision "on the basis of appellate counsel's *post hoc* rationalizations for agency action." *Id.*

The principle for which Plaintiff cites *Knipe* is well established. It is beyond debate that courts "may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007); *see Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (stating that it is impermissible to supply possible reasons for the ALJ's decision to give less weight or to reject a treating physician's opinion). Here, however, Judge Khalsa's recommendation is not founded on *post hoc* rationale.

It is apparent from the ALJ's decision itself that each of the functional limitations ascribed to Plaintiff by the only physician to have considered her fibromyalgia diagnosis in the context of her ability to do work related activities were accounted for in the RFC. (Doc. 32 at 13; AR. 21, 92-93.) Additionally, although he did not use the term fibromyalgia, the ALJ's decision

4

reflects his consideration and analysis of Plaintiff's "joint pain" and her knee, hip, and shoulder pain. (AR. 17-18, 28.) Thus, rather than supplying supportive rationale that was not evident from the ALJ's decision itself, Judge Khalsa considered the substance of the ALJ's decision and the evidence in the record as a whole to conclude that the ALJ's failure to incorporate the term "fibromyalgia" into his decision was, at most, harmless error. (Doc. 32 at 13.) *See Anderson v. Colvin*, 514 F. App'x 756, 760 (10th Cir. 2013) (holding that to the extent that the ALJ erred in using the phrase "cognitive disorder" instead of "Alzheimer's disease" to discuss an alleged impairment, the error was harmless because "the focus of the analysis is on the functional limitations caused by the impairment, not on the label attached to the impairment"). That Judge Khalsa observed that substantial evidence in the record did not contravene the ALJ's decision does not constitute *post hoc* rationale; instead, it is consistent with the prevailing standard of review. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (stating that the court must affirm the Commissioner's decision unless it is not supported by substantial evidence). Plaintiff's objection to the PFRD on the ground that Judge Khalsa provided *post hoc* rationale for the ALJ's decision is overruled.

Plaintiff argues, further, that Judge Khalsa improperly "advocated" a position of "waiver" by observing that Plaintiff's application for disability benefits did not include fibromyalgia among her listed impairments, and neither Plaintiff nor her counsel raised the issue of fibromyalgia in the administrative proceedings. (Doc. 32 at 9; Doc. 33 at 2, 4.) In support of this argument, Plaintiff cites *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000), for the proposition that in the non-adversarial context of a social security administrative proceeding, the issue-exhaustion requirement generally associated with adversarial proceedings is unwarranted. In *Sims*, the Supreme Court held that social security claimants "who exhaust administrative remedies need

5

not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues." *Id.* at 112. In so holding, the *Sims* court reversed the Fifth Circuit Court of Appeals which had held that it lacked jurisdiction to consider arguments that that had not been presented to the appeals council. *Id.* at 106.

Plaintiff's objection to the PFRD on the ground that Judge Khalsa advocated a position of waiver is unfounded, and Plaintiff's citation to *Sims* is not helpful in the context of this case. As an initial matter, although Judge Khalsa did not recommend or "advocate" a holding of waiver in the PFRD, even if she had, the limited holding in *Sims*—which pertains only to the issue whether a claimant must exhaust issues before the Appeals Council—would not be helpful to Plaintiff. *See Sims*, 530 U.S. at 107 (stating that the issue "[w]hether a claimant must exhaust issues before the ALJ" was not before the court); *Rabon v. Astrue*, 464 F. App'x 732, 734 n.3 (10th Cir. 2012) (recognizing that post-*Sims*, some circuits have held that waiver applies to an issues not presented to the ALJ in the first instance).

Secondly, Judge Khalsa did not conclude or imply that Plaintiff waived any issue pertaining to her fibromyalgia diagnosis by not including fibromyalgia among her listed impairments in applying for disability benefits or by failing to raise the issue in the administrative proceedings. On the contrary, and unlike the Fifth Circuit decision at issue in *Sims*, the PFRD fully considered Plaintiff's fibromyalgia-related arguments despite the fact that Plaintiff failed to expressly raise the issue of fibromyalgia in the administrative proceedings. (Doc. 32 at 9-13.) Judge Khalsa's observation that Plaintiff did not raise her fibromyalgia diagnosis in the administrative proceedings was made in the context of a broader discussion of the general principles pertaining to a social security claimant's burden to prove her disability and to structure and present her case in a way that ensures that her claims are adequately explored.

(Doc. 32 at 8.) *See Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987) (stating that the claimant has the initial burden of establishing a disability in the first four steps of the sequential analysis); *Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009) (stating that an ALJ is generally entitled to rely on claimant to allege impairments, and to rely on the claimant's counsel to structure and present the claimant's case in a way that ensures her claims are adequately explored); *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) ("Ordinarily, the claimant must in some fashion raise the issue sought to be developed" and "to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists."). The limited holding in *Sims* does not run contrary to these long-standing principles. Plaintiff's objection is overruled accordingly.

### III. Conclusion

For the foregoing reasons, and for the additional reasons stated in the Magistrate Judge's PFRD, the Court finds that Plaintiff's Objections are without merit, and that the Magistrate Judge's PFRD should be adopted in whole. **IT IS THEREFORE ORDERED** as follows:

1. Plaintiff's Objections to Magistrate's Recommendation (Doc. 33) are **OVERRULED**;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 32) is **ADOPTED**; and,

3. Plaintiff's Motion to Reverse or Remand (Doc. 23) is **DENIED**.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE